1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                   **SOUTHERN DISTRICT OF CALIFORNIA**

10   CHARLOTTE C. WATSON, an           CASE NO. 16cv513-GPC(MDD)
     individual, and CHARLOTTE C.
11   WATSON, as Trustee of the
     CHARLOTTE WATSON TRUST            **ORDER GRANTING DEFENDANT**
12   dated November 5, 2003,           **U.S. BANK'S MOTION FOR**
                                       **JUDGMENT ON THE PLEADINGS**
13                       Plaintiff,

14   v.

15                                     [Dkt. No. 38.]

16   BANK OF AMERICA, N.A., a
     business entity form unknown;
     CALIBER HOME LOANS, INC, a
17   business entity form unknown; MTC
     FINANCIAL, INC. a business entity
18   form unknown; and U.S. BANK
     TRUST, N.A., AS TRUSTEE FOR
19   LSF9 MASTER PARTICIPATION
     TRUST, a business entity form
20   unknown; U.S. BANK NATIONAL
     ASSOCIATION, AS INDENTURE
21   TRUSTEE OF THE GMACM HOME
     EQUITY LOAN TRUST 2006-HE4, a
22   business entity form unknown; and
     DOES 1-100, inclusive,
23
                        Defendant.
24

25         Before the Court is Defendant U.S. Bank National Association, as Indenture

26   Trustee of the GMACM Home Equity Loan Trust 2006-HE4's ("U.S. Bank") motion

27   for judgment on the pleadings. (Dkt. No. 38.) An opposition was filed on January 5,

28   2017. (Dkt. Nos. 42, 43.) A reply was filed January 13, 2017. (Dkt. No. 44.) Based

on the reasoning below, the Court GRANTS Defendant U.S. Bank's motion for judgment on the pleadings.

## Background

On February 29, 2016, the case was removed to this Court from the San Diego Superior Court. (Dkt. No. 1.)  A first amended complaint was filed on March 21, 2016. (Dkt. No. 8, FAC.)  On June 30, 2016, the Court granted in part and denied in part Defendants' motions to dismiss.  (Dkt. No. 23.)  On July 29, 2016, Plaintiffs Charlotte C. Watson, and Charlotte C. Watson, as Trustee of the Charlotte C. Watson Trust dated November 5, 2003 ("Plaintiffs") filed a second amended complaint ("SAC") against Bank of America, N.A. ("BANA"), U.S. Bank, Caliber Home Loans, Inc. ("Caliber"), U.S. Bank Trust, N.A. as Trustee for LSF9 Master Participation Trust ("U.S. Bank Trust as Trustee of LSF9") and MTC Financial, Inc.[1]  (Dkt. No. 25.)  The SAC alleges the following causes of action:

First Cause of Action:  violations of Regulation X  under Real Estate Settlement Procedures Act ("RESPA") and Regulation Z under the Truth  in Lending Act ("TILA") as to Defendants BANA and Caliber;

Second Cause of Action: negligence as to BANA and Caliber;

Third Cause of Action:  violations of California Business & Professions Code section 17200 *et seq.* as to all Defendants;

Fourth Cause of Action:  quiet title as to U.S. Bank and U.S. Bank Trust as Trustee of LSF9;

Fifth Cause of Action:  cancellation of instruments as to all Defendants;

Sixth Cause of Action:  declaratory relief as to all Defendants; and

Seventh Cause of Action: slander of title as to all Defendants.

(Id.)

---

[1]Defendants U.S. Bank Trust, N.A. as Trustee for LSF9 Master Participation Trust ("U.S. Bank Trust as Trustee of LSF9") and MTC Financial, Inc. have been served, (Dkt. No. 1 at 46), but have not appeared in the case.

On November 7, 2016, the Court granted in part and denied in part Defendants BANA, U.S. Bank and Caliber's motions to dismiss. (Dkt. No. 34.)  In particular, the Court granted in part and denied in part Defendants' motions to dismiss the first and third causes of action.  (Id.)  On the first cause of action, the Court granted Defendants' motions to dismiss the allegations under Regulation Z with prejudice, (id. at 9), and granted in part and denied their motions to dismiss as to Regulation X.  (Id. at 8-22.)  On the third cause of action, the Court denied the motions to dismiss the unlawful prong of the UCL based on the violations of Regulation X and granted the motions to dismiss the unlawful prong of the UCL based on allegations of Regulation Z and 12 C.F.R. § 1024.41(c).  (Id. at 44.)  The Court also granted Defendants' motions to dismiss the unfair and fraudulent prongs of the UCL with prejudice.  (Id. at 45-47.)  Lastly, the Court granted with prejudice Defendants' motions to dismiss the fourth, fifth, sixth and seventh cause of action.  (Id. at 22-41.)  Defendants did not move to dismiss the second cause of action for negligence.  (Id.)  Defendant Caliber filed its answer on November 21, 2016 and Defendants BANA and U.S. Bank filed their answer on November 28, 2016.  (Dkt. Nos. 35, 36.)

On December 7, 2016, Defendant U.S. Bank moved for judgment on the pleadings.  (Dkt. No. 38.)  An opposition and a reply were filed.  (Dkt. Nos. 42, 43, 44.)

**Discussion**

**A.    Legal Standard on Federal Rule of Civil Procedure 12(c)**

U.S. Bank moves for judgment on the pleadings because the Court dismissed all causes of action alleged against it except for the alleged violations of the "unlawful" prong of the UCL based on violations of Regulation X which has not been alleged against it. (Dkt. No. 34.)  Plaintiff opposes arguing that the motion should be denied.

Federal Rule of Civil Procedure ("Rule") 12(c) allows parties to move for judgment on the pleadings after the pleadings have been closed but prior to trial, and "within such time as not to delay the trial." Fed. R. Civ. P. 12(c).  The standard for determining a Rule 12(c) motion for judgment on the pleadings is the same as the

1 standard for a Rule 12(b)(6) motion to dismiss.  Cafasso, U.S. ex rel. v. Gen. Dynamics
2 C4 Sys., Inc., 637 F.3d 1047, 1053 & n.4 (9th Cir. 2011) (the same standard of review
3 applies to motions brought under Rule 12(c) as motions brought under Rule 12(b)(6)).
4 "Judgment on the pleadings is proper when the moving party clearly establishes on the
5 face of the pleadings that no material issue of fact remains to be resolved and that it is
6 entitled to judgment as a matter of law."  Hal Roach Studios, Inc. v. Richard Feiner and
7 Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1989).  A court must not consider matters
8 beyond the pleadings as such a proceeding must be treated as a motion for summary
9 judgment.  Id.

10      In the Court's prior order on Defendants' motions to dismiss, the Court
11 dismissed all causes of action alleged against U.S. Bank with prejudice with the
12 exception of an allegation under the "unlawful" prong of the UCL claim for violations
13 of Regulation X.  (Dkt. No. 34 at 44.)

14      The UCL prohibits "any unlawful, unfair or fraudulent business act or practice."
15 Cal. Bus. & Prof. Code § 17200.  "Each of these three adjectives captures a separate
16 and distinct theory of liability."  Rubio v. Capital One Bank, 613 F.3d 1195, 1203 (9th
17 Cir. 2010) (quotation marks omitted).  The unlawful prong of the UCL incorporates
18 "violations of other laws and treats them as unlawful practices."  Cel-Tech Comms.,
19 Inc. v. Los Angeles Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999).  This prong creates
20 an "independent action when a business practice violates some other law."  Walker v.
21 Countrywide Home Loans, Inc., 98 Cal. App. 4th 1158, 1169 (2002).  A UCL claim
22 "stands or falls depending on the fate of antecedent substantive causes of action."
23 Krantz v. BT Visual Images, 89 Cal. App. 4th 164, 178 (2001).

24      In the order, the Court concluded that Plaintiffs alleged a claim under the
25 "unlawful" prong as to Regulation X and denied all Defendants' motions to dismiss the
26 unlawful prong of the UCL claim based on these alleged violations.  (Dkt. No. 34 at
27 44.)  The Court further concluded that Plaintiff failed to state a claim under the
28 fraudulent and unfair prong of the UCL, and dismissed those claims with prejudice.

1 | (Id. at 44-47.)

2 |      The crux of the claims against U.S. Bank was based on the alleged fraudulent

3 | recordation of Assignment 3. (Dkt. No. 25, SAC ¶¶ 48, 154.) The Court granted

4 | Defendant U.S. Bank's motion to dismiss the UCL claim on the fraudulent prong of the

5 | UCL with prejudice concerning the recordation of Assignment 3. (Dkt. No. 34 at 45-

6 | 46.)

7 |      The violation of Regulation X, the first cause of action, is only alleged against

8 | Defendants BANA and Caliber and the only statute that the Court concluded supported

9 | a cause of action under the UCL. Based on the Court's ruling, no liability would attach

10 | to U.S. Bank as there are no remaining predicate violations of law to support a cause

11 | of action under the unlawful prong of the UCL. Plaintiffs oppose arguing that the UCL

12 | claim against U.S. Bank should not be dismissed because their contention is that U.S.

13 | Bank encumbered the subject property based on fraudulent representations that it is the

14 | current beneficiary of the second deed of trust when it recorded Assignment 3 which

15 | is a violation of California Civil Code section 2924.17(b). (Dkt. No. 42 at 3.)

16 | Plaintiffs also present facts developed since the Court's order was filed on November

17 | 7, 2016, and reiterate arguments that the recordation of Assignment 3 constitutes a

18 | fraudulent business practice under the UCL.

19 |      First, the SAC does not allege an underlying violation of California Civil Code

20 | section 2724.17(b). The Court noted that Plaintiffs only alleged violations of 12 C.F.R.

21 | § 1024.41(c) and Regulation X under the unlawful prong of the UCL. (Dkt. No. 34 at

22 | 44.) Therefore, Plaintiffs' argument is without merit. Second, in reviewing a motion

23 | for judgment on the pleadings, the Court does not consider facts outside the pleadings

24 | especially facts that arise after the SAC has been filed. Therefore, facts alleged since

25 | the filing of the Court's prior order cannot be considered. Lastly, the Court dismissed

26 | with prejudice the fraudulent prong of the UCL based on U.S. Bank's recordation of

27 | Assignment 3 for lack of standing and failing to state a claim. (Id. at 45-46.)

28 | Plaintiff's attempt to reargue that issue is not proper. Thus, the Court GRANTS

Defendant U.S. Bank's motion for judgment on the pleadings.

**B.      Request for Judicial Notice**

Defendant filed a request for judicial notice. (Dkt. No. 38-2.) Plaintiffs filed an opposition. (Dkt. No. 43.) Because the Court did not consider the documents on ruling on the motion, the Court DENIES Defendant U.S. Bank's request for judicial notice.

<strong>Conclusion</strong>

Based on the above, the Court GRANTS Defendant's motion for judgment on the pleadings and DISMISSES the remaining claim against it. The hearing set on January 27, 2017 shall be **vacated.**

IT IS SO ORDERED.

DATED:  January 19, 2017

HON. GONZALO P. CURIEL
United States District Judge